IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 04-10035-T-An |
| | ) | |
| KELSEY L. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION AND/OR REDUCTION OF SENTENCE

Defendant has moved the court for reconsideration or a reduction in his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. See e.g., Fed. R. Crim. P. 35 (district court may correct illegally imposed sentence only within seven days after imposition of sentence); 18 U.S.C. § 3582(c)(limiting sentence reduction motions to motions by the government or by the defendant when based on a retroactive amendment of the Sentencing Guidelines that reduces a sentencing range).[1]

---

[1] For federal prisoners seeking to attack the validity of a conviction or sentence, the only remedy is through a motion to vacate under 28 U.S.C. § 2255. In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United States v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). To the extent that Defendant contends that the court erred in imposing his sentence, he must seek relief under § 2255.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on ___11-29-05___

Defendant was re-sentenced on October 27, 2005. Defendant did not file this motion until November 14, 2005, which is more than seven days after the re-sentencing. Consequently, the court cannot reduce Defendant's sentence without a motion from the Government pursuant to Fed. R. Crim. Pro. 35(b) which provides:

> Reduction of Sentence for Substantial Assistance. **If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994.** The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre- sentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

Fed. R. Crim. P. 35(b) (emphasis added). See United States v. Poe, 1998 WL 415835 (6th Cir.) (Rule 35(b) is limited to those circumstances when the Government requests a reduction in sentence (citing United States v. Martin, 913 F.2d 1172 (6th Cir. 1990)). See also United States v. Buchanan, 213 F.3d 302 (6th Cir. 2000) (The Government has discretion in deciding whether to file a substantial assistance motion and that decision will not be questioned unless the defendant can make "a substantial threshold showing of an unconstitutional motive.")

Defendant has not alleged or shown that the Government has failed to move for a reduction to Defendant's sentence for an unconstitutional motive. Therefore, Defendant's

2

motion is denied.

IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

23 November 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 47 in case 1:04-CR-10035 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

Richard L. Finney
HARDEE MARTIN DAUSTER & DONAHOE
213 E. Lafayette
Jackson, TN 38301

Victor Lee Ivy
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT